The Chancellor.
The only ground upon which I am asked to dissolve the injunction in this case is, that the equity of the bill is fully answered. As far as respects the judgment of Fleischman, I am unwilling to dissolve the injunction. As to>the other judgments, let an order for dissolution be made.
The general rule undoubtedly is, as stated by counsel, *621 that when the equity of the bill is answered, the defendant is entitled to the benefit of his answer, and the injunction .should be dissolved. But the rule is subject to exceptions; and there are many cases in the books where the court, while acknowledging the rule, have, notwithstanding, felt constrained, from the character of the case, and the effect of a dissolution, to deny the motion to dissolve. The motion is addressed to the sound discretion of the court, which should always be exercised with a proper regard to well-established rules, but not in such slavish obedience to them as to defeat the ends of .justice.
In the case of Chetwood v. Britton, 1 Green’s Ch. R. 439, the Chancellor declared the answer to be a broad denial of the equity of the bill. He expressed his entire confidence in the integrity of the answer, and his language was, “ that the equity of the bill is fully and fairly met by the answer.” He refused to dissolve the injunction. He disregarded the general rule, simply upon the ground that the complainant's only remedy was in that suit, and that if the motion to dissolve prevailed, the complainant was remediless.
In this case, if the motion prevails, the cause is virtually decided. The defendant resides out of the state. If he received the money from the sheriff, the further prosecution of this suit would be fruitless : the complainants are deprived of their only remedy. But this consideration, alone, would not induce me to deny the motion, for, if it did, the refusal should extend as well to the other judgment creditors as to Fleischman.
The impression produced upon my mind by the answer of Fleischman, and of his agent, Isaac Dittenhoeffer, is very unfavorable to the defendant. I do not mean to say that a mere vague suspicion is excited as to the honesty of the transaction, but that the answers show circumstances enough, not for a decided judgment against the bona fides of the transaction, but for a well-founded belief that the answers do not give its true character. When such an impression is produced upon the mind of the court by the answer, although it may technically deny the equity of the *622 bill, I do not think the injunction should be dissolved ; and more especially when the consequence of such dissolution will be to leave the complainant remediless in the premises.
Zabriskie and W. Pennington, for appellants.
Bradley and Frelinghuysen, for respondents.
The property levied upon has been, by the arrangement of the parties, converted into money. The money may be invested, so that no serious loss can accrue to any one from the mere delay occcasioned by this suit.
My impression is strong, that there is a misjoinder of complainants; that a judgment and execution creditor cannot unite with a creditor at large iu a bill like this. The question was not mentioned on the argument, and I am willing to hear the parties, if they desire it. If my impression is correct, I shall give the complainants leave to amend; or if any of the complainants who appear oin the bill as creditors at large, have, since filing the bill, obtained judgments, they may bring such fact before the court. In Edgar v. Clevenger et al., 1 Green’s C. R., 258, the complainant was permitted after a decree pro oonfesso against the defendants, and an ex parte hearing upon the evidence, to file a supplemental bill, in order to incorporate in the record the facts that after the commencement of this suit in this court, the complainant obtained a judgment and sued out execution at law.
The motion, as to Fleischman’s judgment, is denied, but without costs. As to the other defendants, the motion is allowed, with costs.'
From that part of the interlocutory order which refused to dissolve the injunction which had issued against paying-to him the moneys raised upon his execution, Samuel Fleischman appealed to this court.
The opinion of the Court of Appeals was delivered by
Green, C. J. This appeal is from an order of the Chan *623 cellor, refusing to dissolve an injunction upon the coming in of the defendant’s answer. The ground of appeal is, that the answer of the defendant, sustained by the accompanying affidavits, is a full denial of the equity of the complainant’s bill. The bill was filed to avoid certain judgments as fraudulent. The injunction, as modified, merely restrains the sheriff' from paying over the money raised by virtue of the judgment, until the final hearing of the cause. The injunction is merely ancillary to the main purpose of the bill. It retains the fund under the control of the court until the question of right is finally disposed of.
Whether an order refusing to dissolve a temporary injunction pending the suit, be properly the subject matter of appeal, is a point upon which there is some diversity of opinion. Some of the authorities deny that the order where costs are not allowed, can be the subject of appeal, and that even where costs are allowed, the order upon appeal will be reviewed only upon the question of costs.
But admitting that where costs are allowed, the appeal lies — it is obvious, that the order of the Chancellor should not be interfered with except in a case entirely clear of doubt — and where some principle of law or of equity has been violated by the decision.
Believing that no principle or rule of law or equity was violated by the order of the Chancellor, and concurring in the view expressed by him, that the facts of the case warrant'the apprehension that the truth is not fully disclosed by the answer, we are of opinion that the Chancellor was right in refusing to dissolve the injunction, and that the order should be affirmed, with costs.
Decree accordingly.
The decree of the Chancellor affirmed unanimously.
Cited in Mayor, &c., of Jersey City v. Mor. Can. & B. Co., 1 Beas. 546; Firmstone v. DeCamp, 2 C. E. Gr. 316; Murray v. Elston, 8 C. E. Gr. 129.